UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                          Case No. 09-32106-WRS
                                                               Chapter 7
DAWN MICHELE STEPHENS,

    Debtor

## MEMORANDUM DECISION

This Chapter 7 bankruptcy case came before the Court upon the motion of the Bankruptcy Administrator to forfeit fees and impose a fine against Legal Aid Assisted Document Prep Services, Inc. (Doc. 12). On October 9, 2009, the Court entered an Order requiring Legal Aid to appear at a hearing scheduled for October 27, 2009, in Montgomery, Alabama. (Doc. 18). Copies of the Order were sent to Legal Aid at four different addresses. (Doc. 21). The matter was called, as scheduled, on October 27, 2009. The Bankruptcy Administrator was present by counsel Britt Griggs, the Debtor Dawn Michele Stephen was present in person and by counsel James Opp Smith. Legal Aid did not appear.

## I. FACTS

On August 7, 2009, Dawn Michele Stephens filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. Stephens had paid $450.00 to Legal Aid, who had in fact prepared papers for filing in her case. Thus, Legal Aid and the individuals who prepared the papers are "bankruptcy petition preparers" within the meaning of 11 U.S.C. § 110(a).

The activities of bankruptcy petition preparers are regulated by the Bankruptcy Code. 11 U.S.C. § 110. Having reviewed the documents filed in this case and having heard the testimony

of the Debtor, the following violations of § 110 were committed by Legal Aid, and the individuals acting on its behalf.

1. The documents prepared by Legal Aid were not signed by the petition preparer and did not contain the preparer's name and address. § 110(b)(1).

2. The required written notice was not provided by the preparer to the Debtor, nor filed with the Court. § 110(b)(2); <u>see also</u>, Official Form B19B.

3. Legal Aid failed to include an identifying number that identifies the individuals who prepared the document. § 110(c).

4. Legal Aid unlawfully uses the word "legal" in its advertisements. § 110(f).

5. Legal Aid failed to disclose its fee. § 110(h)(2); <u>see also</u>, Official Form B19A.

## II. LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 110.

The Court has identified seven distinct violations of § 110 above. Under the facts of this case, the Court concludes that the maximum fine of $500 per violation is appropriate, for a total of $2,500. 11 U.S.C. § 110(l). Where the petition preparer fails to disclose its identity, the Court is required to triple the fine. § 110(l)(2)(D). Therefore, the total fine is $7,500. In addition, the Court finds that the violations enumerated above are fraudulent and deceptive, making Legal Aid liable to the Debtor in the amount of $2,000. § 110(i)(1)(B)(I).

# III CONCLUSION

Respondent Legal Aid Assisted Document Prep Services, Inc., is a bankruptcy petition preparer within the meaning of 11 U.S.C. § 110.  Legal Aid committed seven separate violations of § 110 in connection with this bankruptcy case.   Legal Aid is fined a total of $7,500.  In addition, Legal Aid shall pay the Debtor $2,000.  The Court will enter judgment by way of a separate document.

Done this 4th day of November, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Dawn Michele Stephens
James Opp Smith, Attorney for Stephens
Susan S. DePaola, Trustee
Teresa R. Jacobs, Bankruptcy Administrator
Legal Aid Assisted Document Prep. Services Inc., *Las Vegas, NV*
William A. Martinelli
Legal Aid Assisted Document Prep. Services Inc., *Henderson, NV*
Cathy Turenne
Michael D. Harold

4